**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

CORI M. DEHMER, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

ABR RECOVERY SERVICES, LLC; and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: ____________

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CORI M. DEHMER, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, ABR RECOVERY SERVICES, LLC ("ABR RECOVERY"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the Defendant maintains an address in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Houston, Texas and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ABR RECOVERY maintains a location at 29-15 Astoria Boulevard, Astoria, New York 11102.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all Florida consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Texas consumers who were sent letters and/or notices from ABR RECOVERY concerning a debt, which included the alleged conduct and practices described herein.

   The class definition may be subsequently modified or refined.

   The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); 1692f *et seq*.; and 1692g *et seq*.

b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or about May 1, 2003, Plaintiff opened an account with and incurred a financial obligation to HOUSEHOLD CREDIT SERVICES ("HSBC").

16. The HSBC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the HSBC obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the HSBC obligation for business purposes.

19. The HSBC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. HSBC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Plaintiff first became delinquent on the HSBC obligation on or about August 1, 2008.

22. Plaintiff last payment on the HSBC obligation was on or about October 1, 2008.

23. The HSBC obligation was "charged off" by HSBC on or before August 31, 2009.

24. The "charged off" amount was $440.00.

25. On or before November 17, 2017 the HSBC obligation was sold to ABR RECOVERY.

26. ABR RECOVERY paid less than $200.00 for the HSBC obligation.

27. The applicable statute of limitation on the HSBC obligation had expired prior to ABR RECOVERY purchasing the obligation.

28. The applicable statute of limitation on the HSBC obligation expired on or about November 1, 2012.

29. At the time ABR RECOVERY purchased the HSBC obligation, such obligation was in default.

30. On or about January 30, 2018, ABR RECOVERY reported the HSBC obligation to Equifax.

31. ABR RECOVERY reported to Equifax the "Date Opened" as May 25, 2017.

32. ABR RECOVERY reported to Equifax the "Balance" as $1,110.00.

33. ABR RECOVERY knew or should have known that the true "Date Opened" for the HSBC obligation in fact May 2003.

34. ABR RECOVERY knew or should have known that the true "Balance" for the HSBC obligation is $440.00.

35. ABR RECOVERY caused to be delivered to Plaintiff a letter dated November 6, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

36. The November 6, 2017 letter was sent to Plaintiff in connection with the collection of the HSBC obligation.

37. The November 6, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38. The November 6, 2017 is the initial written communication sent from Defendant to the Plaintiff.

39. Upon receipt, Plaintiff read the November 6, 2017 letter.

40. The November 6, 2017 letter provided the following information regarding the HSBC obligation:

> You are hereby notified of your outstanding debt of $1,110.65 incurred through HSBC. The Open Date to this account is 11/14/2008. The Charge Off Date inquired is 08/13/2013. We are offering you an opportunity to settle this matter voluntarily prior to this balance being placed on your Credit Report(s). You must pay the balance due by November 10th 2017 to prevent this office from taking further action on this matter. ABR Recovery Services reserves the right to place this debt as a delinquency on your Credit Report(s) and file a civil action against you in the appropriate jurisdiction.
>
> If you fail to take advantage of this Pre-Reporting Settlement Offer and we pursue this matter civilly you may be liable for the balance due plus filing and appearance fees. If Judgment is obtained you may be subject to a wage garnishment or a lien on your property i n accordance with the laws in your state.
>
> Please make your checks or money order payable to: ABR Recovery Services. To pay by phone contact our office at 1-877-833-7788 between the hours of 10AM and 9PM EST.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> *Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current credit.*

41. On or before January 9, 2018, Plaintiff disputed the status of the HSBC obligation directly to ABR RECOVERY.

42. ABR RECOVERY failed to report the HSBC obligation as "disputed" with Equifax.

43. ABR RECOVERY reported the HSBC obligation to Equifax on January 20, 2018 and did not report the obligation as disputed by Plaintiff.

44. As of March 7, 2018, ABR RECOVERY did not file a civil action to pursue collection of the HSBC obligation

**POLICIES AND PRACTICES COMPLAINED OF**

45. It is ABR RECOVERY'S policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Failing to effectively provide the required validation notices pursuant to15 U.S.C. § 1692g(a) et seq.; ;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Overshadowing and/or contradicting the protections provided by the FDCPA at 15 U.S.C. § 1692g(a) et seq.;

(d) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

(c) Communicating credit information it knew or should have known to be false.

46. On information and belief, 15 U.S.C. § 1692g(a) et seq.; 15 U.S.C. § 1692g(a) et seq.; sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in Texas within one year of this Complaint.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

47. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

50. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to what he or she must do to effectively dispute the debt.

51. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that unless payment was received within 4 days of the receipt of the November 6, 2017 letter, Defendant would commence a civil action.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

54. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

55. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

56. Defendants violated 15 U.S.C. § 1692e(5) by threatening that nonpayment of any debt will result in the filing of a civil action against Plaintiff, when no such civil action could legally be taken as the statute of limitation has already expired on the debt.

57. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

58. Defendants violated 15 U.S.C. § 1692e(10) by that nonpayment of any debt will result in garnishment or attachment of property as the debt collector or creditor did not intend to take such action.

59. Defendants violated 15 U.S.C. § 1692g(a)(2) by falsely representing the legal status of the HSBC debt.

60. Defendants violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) by overshadowing and/or contradicting the protections set forth in those sections.

61. Defendants violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) by requiring payment within 4 days of receipt of Defendant's November 6, 2017 letter.

62. Defendants violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) by providing the required notices in such small font, as to make impossible to read.

63. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by attempting to collect amount greater than the amount of the debt..

65. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

66. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

70. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

71. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

     (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 7, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A



**ABR Recovery Services, LLC**
29-15 Astoria Blvd., Astoria, NY 11102

Pre-Reporting Settlement Attempt
Original Creditor: HSBC
Current Creditor: ABR RECOVERY SERVICES
Balance Due: $ 1,110.65
Account Number: [redacted]
TEL: 1-877-833-7788

November 6, 2017

Cori M Dehmer
[redacted]

# Settlement Offer

Dear Cori M Dehmer,

You are hereby notified of your outstanding debt of $1,110.65 incurred through HSBC. The Open Date to this account is 11/14/2008. The Charge Off Date inquired is 08/13/2013. We are offering you an opportunity to settle this matter voluntarily prior to this balance being placed on your Credit Report(s). You must pay the balance due by November 10th 2017 to prevent this office from taking further action on this matter. ABR Recovery Services reserves the right to place this debt as a delinquency on your Credit Report(s) and file a civil action against you in the appropriate jurisdiction.

If you fail to take advantage of this Pre-Reporting Settlement Offer and we pursue this matter civilly you may be liable for the balance due plus filing and appearance fees. If Judgment is obtained you may be subject to a wage garnishment or a lien on your property in accordance with the laws in your state.

Please make your checks or money order payable to: ABR Recovery Services. To pay by phone contact our office at 1-877-833-7788 between the hours of 10AM and 9PM EST.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

*Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion, thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.*

---

Cori M Dehmer
1502 Enclave Pkwy Apt 704
Houston, TX 77077

Balance Due: $ 1,110.65
Amount Enclosed: ____________
Account Number: [redacted]

a@abrrecoveryservices.com Fax: 718-932-9303